Filed 2/25/15  P. v. Moralez CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARIO MORALEZ,<br><br>Defendant and Appellant. | A142764<br><br>(Sonoma County<br>Super. Ct. No. SCR633026) |

On March 12, 2014, the Sonoma County District Attorney filed an information charging defendant with three felony offenses and a misdemeanor offense based on his possession of a firearm, tear gas weapon, tear gas, and ammunition by a convicted felon on April 20, 2013.  (Pen. Code, §§ 25850, subd. (a), 29800, subd. (a)(1), 22900, 30305, subd. (a)(1).)  Defendant pleaded not guilty to the charges.

On May 1, 2014, the court held a contested hearing on defendant's motion to suppress evidence as fruits of an unlawful warrantless search and seizure.  Sheriff's Deputy Bryan Jensen testified that on April 20, 2013, he was in uniform and parked in a marked patrol car when he saw defendant walking on the street.  The deputy had previous contacts with defendant, the last physical contact being in October 2010.  The deputy had also previously checked defendant's criminal history and learned he had outstanding warrants for his arrest.  As the deputy turned his patrol car toward defendant, the deputy noticed defendant had a backpack and hanging from the right side of the straps was a leather case.  At the bottom of the leather case, the deputy recognized a pepper spray holder and could see the common characteristic red activation button of the pepper spray

1

canister. The deputy parked his patrol car and approached defendant. Once the deputy was face to face with defendant, the deputy "absolutely 100 percent knew" defendant was carrying pepper spray. Because the deputy did not want to "jam [defendant] up or be impatient," he started talking to defendant and immediately took possession of the pepper spray canister for safety. The deputy confirmed the canister contained pepper spray by pointing the canister away from everyone else, spraying it and smelling the vapor. In response to the deputy's questions, defendant said he had a 9 millimeter gun. After a search, the officer found a loaded 9 millimeter high-point Luger pistol in defendant's backpack; the magazine had ten rounds but it was not chambered. At the scene, the deputy confirmed defendant's status as a convicted felon and placed him under arrest. Defendant testified that on April 20, 2013, he was walking on the street and noticed there were two deputies across a four-lane street in a parking lot speaking with some children. Defendant saw the deputies get into their patrol cars and pull into traffic. Deputy Jensen stopped his vehicle and got out and asked defendant if he was "Mario Moralez." After defendant confirmed his identity, the deputy looked at defendant's backpack and the attached black case. The deputy said, "That's pepper spray?," and defendant said, "Yes." The deputy unsnapped the case, pulled out the pepper spray canister and gave it a spray next to defendant. The deputy then said, "Do you have any other weapons on you?" Defendant replied, "Yes, I have a 9 millimeter." Defendant confirmed he had a black case with a strap that was attached to the side of his backpack and when the pepper spray canister was in the case, "you might be able to see a little bit of the red button if anything like that;" "[i]f you're at a close within 2 or 3 feet you can probably see it." He claimed, however, that at the time the deputy stopped him, all that the deputy could see was "something black hanging from [the] backpack" because the pepper spray was not in the case. Defendant also testified he spoke with the sergeant of the patrol division, identified as "Mr. Eaton," regarding the arrest. According to defendant, Eaton said that Deputy Jensen did not have a reason to stop defendant and had made up an excuse for the stop by stating that he recognized defendant, saw the pepper spray, and believed defendant had warrants and was on probation. After argument by counsel, the court denied defendant's

2

motion to suppress evidence.  In so ruling, the court found credible the deputy's testimony that his knowledge of defendant and his prior convictions was sufficient information to stop defendant.  After stopping defendant the deputy "looked at the pepper spray, confirmed the pepper spray," and while defendant was "not handcuffed, asked if [defendant] had any other weapons and he was told there was a 9 millimeter."

On June 11, 2014, at a change of plea proceeding, after a full advisement of his rights, defendant, represented by counsel, withdrew his not guilty plea and pleaded no contest to one count of possession of a weapon by a convicted felon and admitted he had sustained two prior felony convictions.  In return, the court indicated defendant would be sentenced to two years in state prison.   Defendant waived his right to a written presentence report prepared by probation and agreed to be sentenced immediately.  Pursuant to the plea agreement, the court denied probation and imposed the agreed term of two years in state prison; defendant was granted credit for time served of 706 days.  In its sentence minute order, the court granted the prosecutor's motion and dismissed the remaining counts and related sentence enhancement allegations.

Defendant's appellate counsel has filed a brief raising no issues and asks us to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have conducted that review, and agree with counsel that there are no issues warranting further briefing.  In his notice of appeal, defendant sought to challenge the denial of his motion to suppress evidence and "the sentence or other matters occurring after the plea that do not affect the validity of the plea."  On this record, we see no error or abuse of discretion in the court's ruling denying defendant's motion to suppress evidence.  As an appellate court, " '[a]lthough we must ensure the evidence is reasonable, credible, and of solid value, nonetheless it is the exclusive province of the trial judge [as the trier of fact] . . . to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends.' " (*People v. Ochoa* (1993) 6 Cal.4th 1199,

1206, quoting from *People v. Jones* (1990) 51 Cal.3d 294, 314.)  We also see no error or abuse of discretion in the imposition of sentence. [1]

**DISPOSITION**

The judgment is affirmed.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.

---

[1]    As required under *People v. Kelly* (2006) 40 Cal.4th 106, 124, we affirmatively note that appellate counsel informed defendant of his right to file a supplemental brief within 30 days of the filing of the *Wende* brief.  After defendant's time to file a supplemental brief expired, he sent us a letter with various attachments.  We construe his letter as a request to extend his time to file a supplemental brief and deny the request.